UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11025-GAO

DARRELL D. DEBNAM,
Plaintiff,

v.

FEDEX HOME DELIVERY, a division of FEDEX GROUND PACKAGE SYSTEM, INC.,
Defendant.

OPINION AND ORDER
March 31, 2011

O'TOOLE, D.J.

The plaintiff, Darrell D. Debnam, has brought suit against Fedex Home Delivery ("FedEx"), which he served as a delivery driver from 2004 until 2009. Generally, the plaintiff alleges that he was misclassified by FedEx as an independent contractor, rather than employee, and further that FedEx breached the Operating Agreement (the "Agreement") by terminating him without cause and in retaliation for his complaints that packages had been diverted from his routes.

The defendant moves to dismiss all claims. After several concessions by both parties through their briefs, it appears that the following counts are still in controversy: Count I (Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Massachusetts General Laws chapter 231A), Count IV (breach of contract), Count V (misrepresentation), Count VI (Chapter 93A violation), Count VIII (rescission of the Operating Agreement), and Count IX (fraud).

The defendant first argues that the plaintiff's request for a declaratory judgment in Count I fails because a declaratory judgment is inappropriate relief for a violation that has already occurred. See Sprint Spectrum L.P. v. Town of Easton, 982 F. Supp. 47, 52-53 (D. Mass. 1997).

The plaintiff is seeking a declaration regarding the past conduct of the parties, that is, that they entered into an employee-employer relationship, and that the plaintiff was therefore entitled to the rights and benefits of employment, which he purportedly did not receive under the Agreement. Clearly a controversy exists as to whether the plaintiff was an employee or independent contractor under the appropriate laws, but declaratory relief would add nothing to the coercive claim the plaintiff has made. Furthermore, declaratory relief is discretionary. Accordingly, as an independent cause of action, Count I is dismissed.

The defendant next argues that the plaintiff's breach of contract claim should be dismissed because the plaintiff did not allege a contractual promise that it failed to keep, nor did the plaintiff allege that he himself adequately performed under the contract. See Persson v. Scotia Prince Cruises, Ltd., 330 F.3d 28, 34 (1st Cir. 2003) (noting that in order to state a claim for a breach of contract, a complaint must allege "(1) the existence of a valid and binding contract; (2) that plaintiff has complied with the contract and performed his own obligations under it; and (3) breach of the contract causing damages"). It appears to be true, as the defendant argues, that the plaintiff has not alleged that he himself performed under the Agreement. More importantly, though the plaintiff argues that certain actions by the defendant were "contrary to the operating agreement," (see Pl., Darrell D. Debnam's Opp'n to Def.'s Mot. to Dismiss 13), he does not point with sufficient specificity to any contractual obligations in the Agreement. See Doyle v. Hasbro, Inc., 103 F.3d 186, 194-95 (1st Cir. 1996) (affirming dismissal of contract breach claim when plaintiffs did not, among other things, present the terms of the contract, explain what obligations were imposed on each of the parties, or plead that they were ready to perform under the contract or that the defendants' breach prevented them from performing); Vieira v. First Am. Title Ins. Co., 668 F. Supp. 2d 282, 288-89 (D. Mass. 2009) (noting that it is

insufficient "to allege, in a conclusory fashion, that the facts demonstrate a breach of contract" and a pleading "must explain what obligations the alleged contract imposed on each of the parties to avoid dismissal under Rule 12(b)(6)"). The absence of specificity is fatal, and the breach of contract claim is dismissed.

The defendant goes on to argue that the plaintiff's misrepresentation and fraud claims likewise fail. It contends that the sole allegation regarding a misrepresentation is that the Agreement mischaracterizes each driver as an independent contractor, rather than as an employee. The characterization of the relationship is not a statement of "fact" but rather an assertion of a legal conclusion. It is not properly the basis of a claim for factual misstatement. The claims for fraud and misrepresentation therefore fail.

Next, the defendant argues that the Chapter 93A claim should be dismissed because disputes between employers and their employees are outside the scope of Chapter 93A. See Manning v. Zuckerman, 444 N.E.2d 1262, 1264-65 (Mass. 1983). At the same time, of course, the defendants are maintaining that the plaintiff was an independent contractor, not an employee. Nonetheless, the claim is the plaintiff's, and it is inconsistent with the overall gist of his complaint, especially the claims under the Massachusetts statutes set out in Counts II and III, for him to assert that he is within the scope of Chapter 93A because he is an independent contractor. Although pleading in the alternative is often permitted, a Chapter 93A claim by the plaintiff that he is an independent contractor is not supported by any of the subsidiary factual pleadings of the complaint, all of which are drafted in support of the theory that he was, notwithstanding the defendant's characterization, an employee. Consequently, the Chapter 93A claim is dismissed.

Finally, the defendant seeks to dismiss the plaintiff's claim of rescission of the Agreement in Count VIII. The rescission claim, as with the rest of his claims, is based on the

alleged misclassification of the plaintiff as an independent contractor, causing him to incur costs he would not have if he were considered an employee and to miss out on the benefits of employment, which the plaintiff contends makes the Agreement void as against public policy. He further alleges that the Agreement was an unconscionable contract of adhesion because he was required to execute it if he wanted to continue to work with the defendant. However, the plaintiff did have a choice: he could have rejected the terms of the Agreement and found employment elsewhere. He does not allege that there were no other companies in the State with whom or for whom he could have worked, nor has he sufficiently alleged that he was coerced or defrauded into signing the Agreement when he argues that the terms of the contract specify the ways in which the company intended to maintain control over the plaintiff's working conditions.

Additionally, as an equitable remedy, actions for rescission must be brought with "reasonable promptness." Elias Bros. Rests., Inc. v. Acorn Enters., Inc., 831 F. Supp. 920, 927 (D. Mass. 1993). The plaintiff's allegations, while perhaps also related to the most recent iteration of the Agreement, stem from the initial contract formation in 2004 and the overall terms of his relationship with the defendant since then. Having had knowledge of the circumstances and having reaped the benefits of the Agreement since 2004, it cannot be said that the plaintiff has brought his claim for rescission with reasonable promptness. Under these circumstances, the plaintiff has not alleged that the Agreement (or its four successors) was so unconscionable or unfair that it might be void as a contract of adhesion or as one so contrary to public policy. As such, the claim is dismissed.

For the foregoing reasons, the defendant's Motion to Dismiss (dkt. no. 4) is GRANTED IN PART and DENIED IN PART. The case shall proceed as to Counts II and III only.[1]

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge

---

[1] The plaintiff need not file an amended complaint to add an allegation that he obtained permission from the Attorney General's Office prior to filing suit against the defendant.