UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11025-GAO

DARRELL D. DEBNAM,
Plaintiff,

v.

FEDEX HOME DELIVERY,
a division of FEDEX GROUND PACKAGING SYSTEM, INC.,
Defendant.

ORDER
September 27, 2013

O'TOOLE, D.J.

After hearing and consideration of the parties' written submissions, I conclude that the defendant, FedEx Ground Package System, Inc.'s motion for summary judgment (dkt. no. 34) ought to be granted.

I agree with the plaintiff that the "mere fact" that he performed his duties using the form of a partnership or limited liability company does not in itself take him outside the scope of Massachusetts General Laws chapter 149, § 148B, defining who is an "employee' for purposes of certain statutes regulating the payment of wages. Put another way using the statutory language, a person acting under the legal form of a partnership or limited liability company may still qualify as an "individual" as that term is used in § 148B.

However, the undisputed factual record in this case shows that the work performed under Debnam's contract with FedEx Ground involved far more than his personal services. It is undisputed that Debnam simultaneously operated up to nine delivery routes, each route requiring the employment of a separate driver and vehicle. Over the course of five years, his businesses

employed sixty other drivers to perform the work. He filed business tax returns, which disclose substantial business income. In short, the plaintiff's relationship with FedEx Ground was that of what the Massachusetts Attorney General's advisory terms a "legitimate independent contractor" in a "business-to-business relationship." On the undisputed facts, he cannot, as a matter of law, be considered an "individual" within the meaning of § 148B. Cf. Clinton v. City of New York, 524 U.S. 417, 428 n.13 (1998) (individual refers to single human being and does not include business entities). Consequently, he has no viable claim under Massachusetts General Laws chapter 149, § 150.

Accordingly, FedEx Ground is entitled to summary judgment in its favor on Counts II and III, the only remaining counts in the complaint.

The defendant's Motion to Strike (dkt. no. 40) and Motion to Substitute (dkt. no. 48) are denied as MOOT. The defendant's Motion for Summary Judgment (dkt. no. 34) is GRANTED. Judgment shall enter for the defendant.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge